IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00391-BNB

CURTIS GUION, # 129917,

    Plaintiff,

v.

SPURLOCK, Correctional Officer, in his Official and Individual Capacities,
WITZ, Correctional Officer, in his Official and Individual Capacities,
GILBERT, Correctional Officer, in his Official and Individual Capacities,
CUTCHER, Sergeant, in his Official and Individual Capacities,
GROOMS, Correctional Officer, in his Official and Individual Capacities,
Z. MAHER, Correctional Officer, in his Official and Individual Capacities,
CASADY, Correctional Officer, in his Official and Individual Capacities,
WHITE, Correctional Officer, in his Official and Individual Capacities,
CHAVEZ, Correctional Officer, in his Official and Individual Capacities,
VIGIL, C.O., in his Official and Individual Capacities,
OLIVETTE, Lieutenant, in his Official and Individual Capacities,
TRUJILLO, C.O., in his Official and Individual Capacities,
T. TRUJILLO, Sgt., in his Official and Individual Capacities,
BARBERO, Captain, in his Official and Individual Capacities,
TRAVIS TRANI, Warden, in his Official and Individual Capacities,
BROWN, C.O., in his Official and Individual Capacities,
P. ARCHULETA, C.O., in his Official and Individual Capacities,
MONTOYA, C.O., in his Official and Individual Capacities,
MORRIS, in his Official and Individual Capacities,
FIELDS, in his Official and Individual Capacities,
TAVNER, in his Official and Individual Capacities,
YOUNGER, in his Official and Individual Capacities,
JAMES FALK, Warden, in his Official and Individual Capacities,
L. MAYFIELD, Major, in his Official and Individual Capacities,
A. CORTEZ, C.O., in his Official and Individual Capacities,
FINAGGAN, C.O., in his Official and Individual Capacities,
MISTY LOGAN, Captain, in his Official and Individual Capacities,
BENSKO, C.O., in his Official and Individual Capacities,
D. RAYMOND, Sgt., in his Official and Individual Capacities,
J. OLSEN, Case Manager, in his Official and Individual Capacities,
S. FOSTER, Associate Warden, in his Official and Individual Capacities,
SOLANO, C.O., in his Official and Individual Capacities,
J.R. ADAMS, C.O., in his Official and Individual Capacities,
FAIRBAUN, Cpt., in his Official and Individual Capacities,
WALLACE, Lt., in his Official and Individual Capacities,

SIMS, C.M., in his Official and Individual Capacities,
WIXTON, Sgt., in his Official and Individual Capacities,
MEYERS, C.O., in his Official and Individual Capacities,
KEVIN MILYARD, Deputy Director of Prisons, in his Official and Individual Capacities,
HALVERSON, C.O., in his Official and Individual Capacities,
LARRY REID, Deputy Director, in his Official and Individual Capacities,
PEEK, C.O., in his Official and Individual Capacities,
DANFORTH, C.O., in his Official and Individual Capacities,
PRINNS, Sergeant, in his Official and Individual Capacities,
BUTERO, Sgt., in his Official and Individual Capacities,
R. RICHARDSON, Cpt., in his Official and Individual Capacities,
L. LAMPELA, Mental Health, in his Official and Individual Capacities,
R. CORDOVA, Lt., in his Official and Individual Capacities,
MAHONEY, C.O., in his Official and Individual Capacities,
K. MILLER, C.O., in his Official and Individual Capacities,
PERSONS, Lt., in his Official and Individual Capacities,
SAULS, C.O., in his Official and Individual Capacities,
LITTLE, Lt., in his Official and Individual Capacities,
ANDRIELLO, C.O., in his Official and Individual Capacities,
BLAKE, C.O., in his Official and Individual Capacities,

Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Curtis Guion, is in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary (CSP). He has filed, *pro se*, a Prisoner Complaint alleging deprivations of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Guion has been granted leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Mr. Guion is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below,

Mr. Guion will be ordered to file an amended complaint.

Mr. Guion alleges in the Complaint that beginning on January 3, 2012, while he was incarcerated at the Sterling Correctional Facility (SCF), and continuing through his transfer to Centennial Correctional Facility (CCF), to his current placement at the Colorado State Penitentiary (CSP), the Defendant prison officials at the DOC facilities have conspired to murder him, his family and friends, and have threatened his family and friends so they will cease communications with the Plaintiff.  Mr. Guion alleges that the Defendants have spread rumors throughout the administrative segregation units at each facility that Plaintiff is a "snitch" and have given inmates shanks for the purpose of stabbing the Plaintiff.   Mr. Guion asserts in support of his second claim that Defendant Mahoney, together with Defendants Sgt. Solano and Brown, tampered with his outgoing mail in January 2013, and that unidentified staff members at SCF, CCF, and CSP tampered with his mail on numerous dates in 2013.  Plaintiff maintains in support of his third claim that Defendant Cordova has denied him adequate clothing and charged him twice for the same pair of inmate-issued pants.  Mr. Guin asserts in claim four that he filed a grievance with Defendant Assistant Warden Foster complaining about feces on the floor of his cell, but Defendant Foster failed to take any remedial action.  For his fifth claim, Plaintiff alleges that on August 21, 2013, Defendants Bensko, Raymond, Trujillo and Barbero engaged in the excessive use of force against him, which resulted in Plaintiff being hospitalized with two severely chipped front teeth and a split lip that required eight stitches.  Mr. Guion further states that on May 14, 2013, he was "MK-9-OC sprayed" by Defendant Butero and suffered a shotgun wound to his elbow from Defendant Bensko.  Plaintiff requests monetary relief.

The Complaint is deficient because Mr. Guion fails to allege the personal participation of each named Defendant in a violation of his constitutional rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Guion fails to allege with specificity each Defendant's personal involvement in allegedly conspiring to murder him, his family and friends, and in threatening his family and friends so they will cease communications with the Plaintiff. Mr. Guion's vague allegations that all of the Defendants have spread rumors throughout the administrative segregation units at each facility that Plaintiff is a "snitch" and have given inmates shanks for the purpose of stabbing the Plaintiff are not sufficient enough to implicate the

55 named Defendants in a deprivation of his constitutional rights.

Furthermore, Mr. Guion cannot maintain claims against prison officials or administrators on the basis that they denied his grievances.  The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted); *Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20, 2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining [a] complaint . . . without more, does not sufficiently implicate the [supervisory official] under § 1983").  Accordingly, it is

ORDERED that Plaintiff, Curtis Guion, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that Mr. Guion, shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  <u>Plaintiff is reminded that his Prisoner Complaint may not exceed 30 pages</u>.  *See* Information and Instructions for Filing a Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Guion fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court may dismiss some of the claims and defendants without further notice for the reasons

discussed above. It is

DATED March 10, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge