IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00391-BNB

CURTIS GUION, # 129917,

     Plaintiff,

v.

SPURLOCK, Correctional Officer,
WITZ, Correctional Officer,
DANFORTH, Correctional Officer,
SOLANO, Mail Room Correctional Officer
BROWN, Mail Room Correctional Officer,
TRAVIS TRANI, Warden,
SEAN FOSTER, Associate Warden,
R. CORDOVA, Laundry Lieutenant,
CUTCHER, Sergeant,
GROOMS, Correctional Officer,
MAHER, Correctional Officer,
CASADY, Correctional Officer,
WHITE, Correctional Officer,
OLIVETTE, Correctional Officer,
MISTY LOGAN, Captain,
A. CORTEZ, Correctional Officer,
PEEK, Correctional Officer,
VIGIL, Correctional Officer,
PRINNS, Sergeant,
FINAGGAN, Correctional Officer,
HALVERSON, Correctional Officer,
CHAVEZ, Correctional Officer,
TRUJILLO, Correctional Officer,
BENSKO, Correctional Officer,
BUTERO, Sergeant,
T. TRUJILLO, Sergeant,
D. RAYMOND, Sergeant,
BARBERO, Captain,
R. RICHARDSON, Captain,
J. OLSEN, Case Manager 3/Lieutenant,
L. LAMPELA, Dr., Head Administrator of Health,
L. MAIFIELD, Major,
GILBERT, Correctional Officer,
MAHONEY, Correctional Officer,
P. ARCHULETA, Correctional Officer,

J.R. ADAMS, Correctional Officer,
K. MILLER, Correctional Officer,
MONTOYA, Correctional Officer,
FAIRBAIRN, Captain,
P. PERSONS, Lieutenant,
MORRIS, Lieutenant,
WALLACE, Lieutenant,
SAULS, Correctional Officer,
FIELDS, Correctional Officer,
SIMS, Case Manager/Lieutenant,
TAVNER, Lieutenant,
LITTLE, Lieutenant,
ANDRIELLO, Correctional Officer,
T. WIXTON, Sergeant,
MEYER, Correctional Officer,
YOUNGER, Sergeant,
BLAKE, Correctional Officer,
JAMES FALK, Warden,
KEVIN MILYARD, Deputy Director of Prisons, and
LARRY REID, Deputy Director of Prisons.

        Defendants.

---

## ORDER TO DISMISS IN PART AND TO DRAW CASE

---

Plaintiff, Curtis Guion, is in the custody of the Colorado Department of Corrections (DOC) at the Colorado State Penitentiary in Canón City, Colorado.  Mr. Guion initiated this action by filing a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

On March 10, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint and determined that it was deficient because Mr. Guion failed to allege the personal participation of the Defendants in a deprivation of his constitutional rights.  Magistrate Judge Boland directed Plaintiff to file an amended complaint within thirty days of the March 10 Order.  Mr. Guion filed a "Motion to File Amended Complaint" on April 10,

2

2014.  (ECF No. 12).  On April 16, 2014, he filed a Letter with the Court asserting an additional claim for relief.  (ECF No. 13).  The Court construes these two documents liberally and together as the Plaintiff's Amended Complaint.

Mr. Guion has been granted leave to proceed pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915.  Pursuant to § 1915(e)(2)(B)(I), the Court must dismiss the action if Mr. Guion's claims are frivolous or malicious.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Subsection (e)(2)(B)(iii) of § 1915 requires a court to dismiss at any time an action that seeks monetary relief against a defendant who is immune from such relief.

The Court must construe the Amended Complaint liberally because Mr. Guion is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss this action in part and draw the remainder to a presiding judge and, if appropriate, to a magistrate judge.

**I.  Analysis of Claims**

**A.  First Claim for Relief**

Mr. Guion alleges in the Amended Complaint that beginning on January 3, 2012, while he was incarcerated at the Sterling Correctional Facility (SCF), and continuing through his transfer to Centennial Correctional Facility (CCF), and to his current placement at the Colorado State Penitentiary (CSP), the Defendants have conspired to

murder him and his family and friends, and have threatened his family and friends so

they will cease communications with the Plaintiff.  In support of his first claim, Mr. Guion

alleges that SCF correctional officers (Defendants Gilbert, Mahoney, Archuleta, and

Adams), CCF correctional officers (Defendants Montoya and Morris), and CSP

correctional officers (Defendants Spurlock, Witz, Cutcher, Grooms, White, Casady, and

Maher) spread rumors throughout each facility's inmate population that Plaintiff is a

"snitch" and that unidentified prison officials have given inmates shanks for the purpose

of stabbing the Plaintiff.  He alleges that Defendants Vigil, Cortez, Peek, Olivette,

Finaggan, Trujillo, Danforth, Prinns, Chavez, Halverson, and Richardson were "made

aware of this conspiracy" during a confidential meeting in July 2013.  (ECF No. 12, at 8).

Plaintiff also asserts that Defendants Lt. Wallace, Lt. Tavner, Lt. Little, Captain

Fairbairn, Associate Warden Foster, Warden Falk, Warden Trani, and DOC Deputy

Directors Milyard and Reid, failed to take appropriate remedial action after he notified

them about the alleged conspiracy to murder him.

Mr. Guion further alleges that after he was transferred to SCF, Defendant Miller

filed false disciplinary charges against him for threatening a nurse, which resulted in a

disciplinary conviction and the loss of privileges, including use of the telephone.

### 1.  Failure to Protect

"[P]rison officials have a duty [under the Eighth Amendment] to protect prisoners

from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833

(1994) (quotations omitted).  The Circuit Court of Appeals for the Tenth Circuit has held

that labeling an inmate a "snitch" or otherwise inciting other inmates to harm an inmate

states an Eighth Amendment violation, regardless of whether the inmate is ever actually

4

physically harmed. *See, e.g., Benefield v. McDowall*, 241 F.3d 1267, 1271–72 (10th Cir.

2001) (holding that it is clearly established law that labeling an inmate a snitch and

informing other inmates of that label with knowledge of the obvious risk of danger

associated with that label violates the Eighth Amendment even though the inmate is

never actually harmed; "a violation of the Eighth Amendment does not turn on the type

[of] relief sought" and "may be implicated not only to physical injury, but also by the

infliction of psychological harm"); *Brown v. Narvais*, No. 07-6120, 265 F.App'x. 734,

735-36 (10th Cir. 2008) (unpublished) (allegation that defendant disclosed plaintiff's

status as a child molester knowing such label would subject the plaintiff to serious bodily

harm stated an Eighth Amendment violation even though the plaintiff was never actually

physically attacked); *Johnson–Bey v. Ray*, No. 01-3382, 38 F. App'x. 507, 510 (10th Cir.

2002) (unpublished) (plaintiff's allegations that correctional officer intentionally told

another inmate that plaintiff had tried to set him up for a disciplinary violation in order to

place plaintiff in danger stated an Eighth Amendment violation; "[t]he fact that plaintiff

suffered no physical injury resulting from the officer's alleged action, although relevant

to the issue of damages, does not require dismissal") (citation omitted).  Accordingly,

Plaintiff's allegations state an arguable Eighth Amendment claim against Defendants

Gilbert, Mahoney, Archuleta, Adams, Montoya, Morris, Spurlock, Witz, Cutcher,

Grooms, White, Casady, and Maher.

However, Plaintiff does not allege specific facts to show that any of the other

named Defendants personally participated in the alleged Eighth Amendment violation.

Mr. Guion was warned in the March 10 Order that personal participation is an essential

allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).   A supervisor defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Mr. Guion cannot maintain his first claim for relief against Defendants Vigil, Cortez, Peek, Olivette, Finaggan, Trujillo, Halverson, and Richardson, Lt. Wallace, Lt. Tavner, Lt. Little, Captain Fairbairn, Associate Warden Foster, Warden Falk, Warden Trani, and DOC Deputy Directors Milyard and Reid, solely on the basis that he notified those Defendants about threats to his safety, but the prison officials failed to take appropriate remedial action or otherwise denied his grievances. The "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Whitington v. Ortiz*, No. 07-1425, 307 F. App'x. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished) (stating that "the denial of the grievances alone is insufficient to establish personal participation in the alleged constitutional violations.") (internal quotation marks and citation omitted);

*Davis v. Ark. Valley Corr. Facility*, No. 02-1486, 99 F. App'x. 838, 843 (10th Cir. May 20,

2004) (unpublished) (sending "correspondence [to high-ranking prison official] outlining

[a] complaint . . . without more, does not sufficiently implicate the [supervisory official]

under § 1983").   Mr. Guion does not allege facts to show that Defendants Vigil, Cortez,

Peek, Olivette, Finaggan, Trujillo, Halverson, and Richardson, Lt. Wallace, Lt. Tavner,

Lt. Little, Captain Fairbairn, Associate Warden Foster, Warden Falk, Warden Trani, and

DOC Deputy Directors Milyard and Reid were involved directly in the alleged Eighth

Amendment violation.   Because Plaintiff's Amended Complaint does not contain any

other allegations against Defendants Vigil, Cortez, Peek, Olivette, Finaggan, Trujillo,

Halverson and Richardson, Lt. Wallace, Lt. Tavner, Lt. Little, Captain Fairbairn,  Warden

Falk, and DOC Deputy Directors Milyard and Reid, those Defendants are   improper

parties to this action and will be dismissed.

        Finally, Mr. Guion does not allege any specific facts to show that Defendants

Sauls, Meyer, Blake, Younger, Wixton, Fields, Andriello, Sims, Trujillo, Olsen, Lampela,

Persons, or Mailfield acted with deliberate indifference to a serious risk of harm to

Plaintiff's safety.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Plaintiff's vague

and conclusory assertions that all of the Defendants conspired to murder him and

threatened his family and friends so they will cease communications with the Plaintiff

are insufficient to state an arguable claim for relief.   *See Gee v. Pacheco*, 627 F.3d

1178, 1191 (10th Cir. 2010) (vague and conclusory allegations are not actionable under

§ 1983); *Hall*, 935 F.2d at 1110 (vague and conclusory allegations need not be

accepted by the court).   Because Plaintiff does not allege specific factual allegations

against Defendants Sauls, Meyer, Blake, Younger, Wixton, Fields, Andriello, Sims,

Trujillo, Olsen, Lampela, Persons, or Mailfield in any of his other claims for relief, those Defendants will be dismissed.

### 2. Filing of False Disciplinary Charges

Mr. Guion also asserts in his first claim for relief that Defendant Miller filed false disciplinary charges against him for threatening a nurse that resulted in the loss of telephone and other privileges.

Absent deficiencies in the due process afforded with respect to prison disciplinary charges, "mere allegations of falsified evidence or misconduct reports," without more, do not implicate the constitution. *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir.1999); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989); *Escobar v. Mora*, 496 F. App'x 806, 816 (10th Cir. Sept. 10, 2012) (unpublished); *Johnson–Bey v. Ray*, No. 01-3382, 38 F. Appx. 507, 510 (10th Cir. Mar. 19, 2002).  Mr. Guion does not allege that he was deprived of his procedural due process rights following the alleged filing of the false disciplinary report.  As such, he has no viable due process claim.  Plaintiff's allegations against Defendant Miller will be dismissed as legally frivolous.

### B. Second Claim for Relief

Mr. Guion alleges in support of his second claim that Defendants Mahoney, Solano, and Brown destroyed his incoming and outgoing mail on several occasions in 2013.  Plaintiff states that he informed Defendant Logan about the interference with his mail, but she failed to take appropriate remedial action.

Mr. Guion has a "First Amendment right to receive information while in prison to

8

the extent the right is not inconsistent with prisoner status or the legitimate penological objectives of the prison." *See Jacklovich v. Simmons*, 392 F.3d 420, 426 (10th Cir. 2004) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).  Plaintiff's allegations that Defendants Mahoney, Solano, and Brown destroyed his incoming and outgoing mail are not subject to dismissal as legally frivolous.  However, Mr. Guion fails to allege specific facts to show that Defendant Logan was personally involved in the alleged constitutional deprivation.  Accordingly, Defendant Logan is an improper party to this action and will be dismissed.

### C.  Third Claim for Relief

Plaintiff maintains in his third claim that Defendant Cordova and other unidentified correctional officers have denied him adequate clothing and charged him twice for the same pair of inmate-issued pants.

The Eighth Amendment is violated when (1) the alleged deprivation is "objectively, sufficiently serious," *Farmer*, 511 U.S. at 834 (quotation marks and citations omitted), and (2) the prison official acts with deliberate indifference to inmate health or safety. *Id.* (quotation marks and citations omitted). The Eighth Amendment does not require comfortable prisons at the expense of management prerogative, and conditions may be restrictive or even harsh.  *See  Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir.1998) (citing *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). Still, prison officials must provide "'the minimal civilized measure of life's necessities' " based upon contemporary standards. *Id.* at 1310 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Inmates must receive adequate food, clothing, shelter, and medical care. *Farmer*, 511 U.S. at 832.  To prove an unconstitutional deprivation, "a prisoner must

9

show that conditions were more than uncomfortable, and indeed rose to the level of 'conditions posing a substantial risk of serious harm' to inmate health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001) (quoting *Farmer*, 511 U.S. at 834).

Mr. Guion's allegations that he was not provided with adequate clothing are vague and fail to show that his conditions of confinement posed a substantial risk of serious harm to his health or safety.

Further, Plaintiff's assertion that he was charged twice for the same pair or inmate-issued pants does not implicate the Constitution. "To establish a procedural-due-process claim, a plaintiff needs to demonstrate not only the possession of a protected property interest but also a denial of an appropriate level of process." *Reedy v. Werholtz*, 660 F.3d 1270, 1275 (10th Cir. 2011). The Tenth Circuit has not determined whether an inmate has a property interest in funds held in a prison account. *See, e.g., Clark v. Wilson*, 625 F.3d 686, 691-92 (10th Cir. 2010). However, even if Mr. Guion has a protectable property interest, he does not allege that the process he received was inadequate. Further, Plaintiff has an adequate post-deprivation remedy in the prison grievance procedure. *See Tijerina v. Patterson*, No. 12-4033, 507 F. App'x 807, 810 (10th Cir. Jan. 16, 2013) (unpublished) (citing *Parratt v. Taylor*, 451 U.S. 527, 538–39 (1981)*, overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)); *see also Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir.1982).

Accordingly, claim three will be dismissed in its entirety as legally frivolous. Defendant Cordova will also be dismissed because Plaintiff does not implicate him in any other claims for relief.

### D.  Fourth Claim for Relief

Mr. Guin alleges in claim four that on October 22, 2013, he was placed in a cell that was contaminated with another inmate's feces.  After filing a grievance with Defendant Assistant Warden Foster on November 12, 2013, he was removed from the cell temporarily.  However, he was subsequently "intentionally moved back into [the cell] for making complaint of the cell's condition." (ECF No. 12, at 13).

The Tenth Circuit held in *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) that forcing an inmate to live in a feces-covered cell for three days states an Eighth Amendment violation. *See also Fruit v. Norris,* 905 F.2d 1147, 1151 (8th Cir.1990) ("courts have been especially cautious about condoning conditions that include an inmate's proximity to human waste").  Moreover, a prison official may not retaliate against an inmate for filing grievances.  *See Gee,* 627 F.3d at 1189.

The Court finds that the facts alleged by Plaintiff in claim four are not subject to dismissal as legally frivolous.

### E.  Fifth Claim for Relief

For his fifth claim, Plaintiff alleges that on August 21, 2013, Defendants Bensko, Raymond, T. Trujillo, Butero, and Barbero engaged in the excessive use of force which resulted in Plaintiff being hospitalized with two severely chipped front teeth and a split lip that required eight stitches.  Mr. Guion further states that on May 14, 2013, he was "MK-9-OC sprayed" by Defendant Butero and suffered a shotgun wound to his elbow from Defendant Bensko.

"[T]he use of excessive force against a prisoner can violate the Eighth

Amendment [even] when the inmate does not suffer serious injury." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)); *Wilkins v. Gaddy*, ___ U.S. ___, 130 S. Ct. 1175, 1176 (2010).  The "core judicial inquiry" as to an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically to cause harm." *Id.*

Mr. Guion's allegations in claim five state an arguable claim against Defendants Defendants Bensko, Raymond, Trujillo, Butero, and Barbero for violation of Plaintiff's Eighth Amendment right to be free from excessive force.

### F.  Sixth Claim for Relief

Mr. Guion filed a supplement to his amended complaint in which he adds a sixth claim for relief.  (ECF No. 13).  Plaintiff alleges that since his transfer to CSP in January 2013, he is forced to recreate in a 90 square foot cell with a 2 ½ foot vent in the wall. He states that he filed grievances with Defendant Trani complaining about the denial of adequate outdoor exercise, which is affecting his mental health, but Defendant Trani has ignored his grievances and has otherwise denied him adequate mental health treatment.

"[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of inmates." *Bailey v. Shillinger*, 828 F.2d 651, 653 (10th Cir. 1987) (internal citation omitted).  The continuous and prolonged denial of outdoor exercise can constitute an Eighth Amendment claim. *See Fogle v. Pierson*, 435 F.3d 1252, 1260 (10th Cir. 2006) (finding that an extended deprivation of outdoor exercise (three years) was a sufficiently serious deprivation); *Housley v. Dodson*, 41

12

F.3d 597, 599 (10th Cir. 1994) ("Although we have never expressly held that prisoners have a constitutional right to exercise, there can be no doubt that total denial of exercise for an extended period of time would constitute cruel and unusual punishment prohibited by the Eighth Amendment."). *But see  Ajaj v. United States*, 293 Fed. App'x, 584 (10th Cir. 2008) (unpublished) (concluding that deprivation of outdoor exercise for a year was insufficiently serious to constitute an Eighth Amendment violation).

In *Parker v. Zavaras*, No. 08-cv-00737-MSK-KLM,  2011 WL 1211487 (D. Colo. March 31, 2011), the District Court concluded that prison officials' denial of outdoor exercise to a CSP inmate for a period of two years and five months stated a claim for relief under the Eighth Amendment.  *Id.* at 13.  The Court rejected the DOC's argument that providing CSP inmates the opportunity to exercise in an indoor exercise room was sufficient to satisfy the Constitution.

The Court finds that Plaintiff's allegations in claim six asserting a deprivation of outdoor exercise are not subject to dismissal as legally frivolous.  Although Warden Trani cannot be held liable simply because he ignored Plaintiff's grievances, as the Warden of CSP he is responsible for the exercise policies implemented at that facility.

However, Plaintiff cannot maintain a claim for denial of adequate mental health care against Warden Trani because he fails to allege facts to show that Warden Trani was personally involved in the provision of mental health care to Plaintiff.  *See Arocho v. Nafgizer*, No. 09-1095, 367 F. App'x at 955-56 (10th Cir. March 1, 2010) (unpublished) (finding that a § 1983 claim against prison warden for failure to provide adequate medical care was properly dismissed for failure to allege personal participation where "the complaint fail[ed] to allege grounds on which [the warden] could be held

responsible for the medical decisions involved").

## II. Conclusion

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that Mr. Guion's claims against Defendants Gilbert, Mahoney, Archuleta, Adams, Montoya, Morris, Spurlock, Witz, Cutcher, Grooms, White, Casady, Maher, Solano, Brown, Bensko, Raymond, T. Trujillo, Butero, Barbero, Foster, and Trani do not appear to be appropriate for summary dismissal and that the case should be drawn to a presiding judge, and, if appropriate, to a magistrate judge. *See* D.C.COLO.LCivR 8.1(c). Accordingly, it is

ORDERED that the "Motion to File Amended Complaint" (ECF No. 12), filed on April 10, 2014, is GRANTED. It is

FURTHER ORDERED that Plaintiff's second claim for relief (alleging a denial of adequate clothing and that he was charged twice for the same pair of pants) and the allegation in claim six that Defendant Trani denied him adequate mental health care, are DISMISSED. It is

FURTHER ORDERED that Defendants Witz, Danforth, Cordova, Olivette, Logan, Cortez, Peek, Vigil, Prinns, Finaggan, Halverson, Chavez, Richardson, Olsen, Maifield, Lampela, Miller, Fairbairn, Persons, Wallace, Sauls, Fields, Sims, Tavner, Little, Andriello, Wixton, Meyer, Younger, Blake, Falk, Milyard, and Reid are DISMISSED from this action. It is

FURTHER ORDERED that Plaintiff's first claim for relief for failure to protect (against Defendants Gilbert, Mahoney, Archuleta, Adams, Montoya, Morris, Spurlock,

14

Witz, Cutcher, Grooms, White, Casady, Maher); the second claim for relief (against

Defendants Mahoney, Solano and Brown); the fourth claim for relief (against Defendant

Foster); the fifth claim for relief (against Defendants Bensko, Raymond, T. Trujillo,

Butero, and Barbero); and, the sixth claim for relief (against Defendant Trani), which is

contained in ECF No. 13, shall be drawn to a presiding judge and, if appropriate, to a

magistrate judge, pursuant to D.C.COLO.LCivR 40.1(a).

DATED at Denver, Colorado, this __23rd__ day of _____May_____, 2014.

BY THE COURT:


   __s/Lewis T. Babcock_____
   LEWIS T. BABCOCK, Senior Judge
   United States District Court