# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# LEWIS T. BABCOCK, JUDGE

Civil Case No. 14-cv-00391-LTB-MEH

CURTIS GUION,

       Plaintiff,

v.

SPURLOCK, Correctional Officer, in his official and individual capacities,
GILBERT, Correctional Officer, in his official and individual capacities,
CUTCHER, Sergeant, in his official and individual capacities,
GROOMS, Correctional Officer, in his official and individual capacities,
Z. MAHER, Correctional Officer, in his official and individual capacities,
WHITE, Correctional Officer, in his official and individual capacities,
BARBERO, Captain, in his official and individual capacities,
TRAVIS TRANI, Warden, in his official and individual capacities,
BROWN, Correctional Officer, in his official and individual capacities,
P. ARCHULETA, Correctional Officer, in his official and individual capacities,
MONTOYA, Correctional Officer, in his official and individual capacities,
MORRIS, in his official and individual capacities,
BENSKO, Correctional Officer, in his official and individual capacities,
D. RAYMOND, Sergeant, in his official and individual capacities,
S. FOSTER, Associate Warden, in his official and individual capacities,
SOLANO, Correctional Officer, in his official and individual capacities,
J.R. ADAMS, Correctional Officer, in his official and individual capacities,
BUTERO, Sergeant, in his official and individual capacities,
MAHONEY, Correctional Officer, in his official and individual capacities,

       Defendants.

___

## ORDER
___

This case is before me on the Recommendation of the Magistrate Judge that the Partial Motion to Dismiss filed August 4, 2014 (Doc 40) by Defendants Spurlock, Gilbert, Maher, White, Barbero, Trani, Brown, Archuleta, Montoya, Morris, Raymond, Foster, Solano, Adams, Butero, and Mahoney, and joined by Defendants Bensko, Cutcher, T.

Trujillo, and Grooms (Doc 63 and Doc 75) be granted in part and denied in part. Specifically the Magistrate Judge recommends that Plaintiff's claims for monetary damages against the official capacity Defendants be dismissed while his claims for prospective injunctive relief against Defendants in their official capacities remain so long as they state plausible claims for relief.  The Magistrate Judge further recommends that I find Plaintiff has not sufficiently alleged the personal participation of Defendants Gilbert, Mahoney, Archuleta, Adams, Spurlock, Witz, Cutcher, Grooms, White, Casady, and Maher in his failure to protect claim.  Next, the Magistrate Judge recommends denying the portion of the Motion seeking dismissal of Claim Two against Defendants Solano and Brown.  The Magistrate Judge further recommends denying the portion of the Defendants' motion seeking dismissal of Defendant Foster for failure to allege personal participation.  And further, the Magistrate Judge recommends denying the portion of Defendants' motion seeking dismissal of Claim Four for failure to state a retaliation claim and that Defendant Foster is not entitled to qualified immunity.  The Magistrate Judge recommends that I find Plaintiff has failed to sufficiently allege Defendants Raymond, Trujillo, and Barbero personally participated in the excessive use of force claim.  The Magistrate Judge next recommends that I dismiss Plaintiff's Sixth Claim as moot.

The Magistrate Judge in support of these recommendations concludes as follows:

(1)   Claim One fails to plausibly allege the personal participation of Defendants Gilbert, Mahoney, Archuleta, Adams, Spurlock, Witz, Cutcher, Grooms, White, Casady, and Maher and that Claim One should be dismissed against these Defendants.

(2)  Claim Two plausibly alleges the personal participation of Defendants Solano and Brown.

(3)  Claim Four plausibly alleges the personal participation of Defendant Foster and plausibly alleges a First Amendment retaliation claim.

(4)  Claim Five fails to plausibly allege the personal participation of Defendants Raymond, Trujillo, and Barbero and should be dismissed against these Defendants.

(5)  Claim Six is moot.

Plaintiff has filed "Plaintiff's Response Motion to Defendants' Motion to Dismiss and Magistrate Recommendations Reconsideration" (Doc 83). I construe this document as objections to the Magistrate Judge's recommendations. By Minute Order (Doc 84), I gave the Defendants to and including January 19, 2015 to respond to Doc 83. The Defendants have filed no response. In view of Plaintiff's filing (Doc 83), I have reviewed the Magistrate Judge's recommendation *de novo*. On *de novo* review, I conclude that the recommendations are correct. Accordingly,

IT IS ORDERED as follows:

1.  Plaintiff's claims for monetary damages against the official capacity Defendants are DISMISSED while his claims for prospective injunctive relief against Defendants in their official capacities remains so long as they stay plausible claims for relief.

2.  Because Plaintiff has not sufficiently alleged personal participation of Defendants Gilbert, Mahoney, Archuleta, Adams, Spurlock, Witz, Cutcher, Grooms, White, Casady, and Maher in his failure to protect claim, his claim

      against these Defendants is DISMISSED.

3. I deny the portion of the pending motion seeking dismissal of Claim Two against Defendants Solano and Brown.

4. I deny the portion of the Defendants' motion seeking dismissal of Defendant Foster for failure to allege his personal participation.

5. I deny the portion of Defendants' motion seeking dismissal of Claim Four for failure to state a retaliation claim and I find that Defendant Foster is not entitled to qualified immunity on Plaintiff's First Amendment retaliation claim.

6. Plaintiff has failed to sufficiently allege Defendants Raymond, Trujillo, and Barbero's personal participation in the excessive use of force claim and the claim is DISMISSED as against these Defendants.

7. I DISMISS Plaintiff's Sixth Amendment claim as MOOT.

And in conclusion,

1. Claim One is DISMISSED against Defendants Gilbert, Mahoney, Archuleta, Adams, Spurlock, Witz, Cutcher, Grooms, White, Casady, and Maher.

2. The Motion is DENIED as to Claim Two insofar as it alleges the personal participation of Defendants Solano and Brown.

3. Claim Four plausibly alleges the personal participation of Defendant Foster as to Plaintiff's First Amendment retaliation claim and the motion is DENIED in this respect.

4. Claim Five fails to plausibly allege the personal participation of Defendants Raymond, Trujillo, and Barbero and is DISMISSED against these Defendants.

    5.    Claim Six is DISMISSED AS MOOT.

Finally, as set forth in the Recommendations of the Magistrate Judge as adopted and approved in this Order, the Motion (Doc 40) is GRANTED IN PART AND DENIED IN PART.

                    BY THE COURT:

                    s/Lewis T. Babcock
                    Lewis T. Babcock, Judge

DATED:    January 29, 2015